Irene J. GREEN, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.

Civ. A. No. 1910-62.

United States District Court
District of Columbia.

June 17, 1963.

Robert L. Ackerly, Roger N. Boyd, Washington, D. C., for plaintiff.

David C. Acheson, U. S. Atty., Charles T. Duncan, Principal Asst. U. S. Atty., Joseph M. Hannon, John E. Hogan, Asst. U. S. Attys., Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

This is an action to review a final decision of the Secretary of Health, Education and Welfare, requiring the repayment by the plaintiff of certain social security benefits which were improperly paid to the plaintiff. The Court has jurisdiction by virtue of 42 U.S.C. § 405, (g), which gives the Court power "to enter, upon the pleadings and transcript of the record [of proceedings before the Secretary], a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." The Secretary has moved to dismiss or in the alternative for a summary judgment, and the plaintiff has moved for summary judgment.

■ The facts are not in dispute, and no findings of fact by the Secretary are challenged by the plaintiff. Ultimate conclusions drawn from those facts, however are contested. The problem is thus a legal one, for the Court to decide. Kilby v. Folsom, 238 F.2d 699, 700 (3d Cir., 1956).

The facts are as follows: On June 27, 1956, plaintiff applied for Old-Age Insurance Benefits. She was residing in Canada at the time, as she had been since July, 1949. Plaintiff submitted a form, for beneficiaries living outside the United States, dated July 18, 1956. In answer to the question on this form asking

> "During the last 13 months (counting the present month), did you work in employment or self-employment on 7 or more days in any one month?"

plaintiff answered "Yes," and then amplified this answer as follows:

> "During the last 13 months and at present my employment only amounts to about 24 hours each month—6 hours each week—1 hour a day. This would not amount to '7 or more days' in any month." [1]

Plaintiff declared on that form that she worked as a "receptionist." On August 27, 1956, plaintiff's Certificate of Social Security Award and attachment were

---

1. The form filled out by plaintiff contained the following statement: "YOUR benefits may not be payable for any month in which you, while under age 72, work on 7 or more days in employment or self-employment outside the United States, Alaska, Hawaii, Puerto Rico, and the Virgin Islands. A prompt report of the occurrence of any such event must be filed with the Social Security Administration." (Emphasis added.) This statement is presumably based upon 42 U.S.C. § 403(c), but the statement fails to indicate that the statute refers to "calendar days," and is mandatory.

forwarded to her. The monthly benefit was set at $58.90, payable retroactively from June, 1955.

Nearly three years after this award was made, plaintiff was requested to file a form indicating the length of her employment in the years 1956, 1957, 1958, and 1959. On May 13, 1959, plaintiff answered that she had worked every month during those years. Plaintiff was then requested to submit a supplementary statement, which she did on November 3, 1959. She there stated that she worked for a doctor, and added: "I work 6 hours each week—1 hour four evenings and 2 hours on Saturday." She reported her earnings at $18.00 per week from 1956 on.

In February, 1960, plaintiff was informed that it had been determined that no benefits were payable to her from June, 1955, on, since she had worked on seven or more calendar days in each month thereafter, and that she had therefore been overpaid in the amount of $3,414.70. She was also told that since she was still working, her benefits had been suspended effective March, 1960. Plaintiff was requested to refund the $3,414.70 "immediately."

Plaintiff asked for, and received, reconsideration of this decision, which was affirmed. She then sought relief from a Hearing Examiner, who held a full hearing at which plaintiff was present. The Hearing Examiner reached the following conclusion here relevant:

> "* * * that while the claimant was 'without fault' in receiving the incorrect payments, recovery of the overpayments would not defeat the purpose of the Act or be against equity and good conscience."

Plaintiff requested the Department's Appeals Council to review this decision. The Appeals Council denied review, adding: "The Hearing Examiner's decision stands as the final administrative decision of this Department." Plaintiff subsequently filed this action to review the final Departmental decision, which is conceded by both parties in this case to be equivalent to a "final decision of the Secretary made after a hearing," 42 U.S.C. § 405(g), thus giving the Court jurisdiction.

The determination that the plaintiff was overpaid is not challenged in these proceedings. The sole issue is whether plaintiff must refund the amount overpaid to her.[2]   42 U.S.C. § 404(b) provides:

> "There shall be no adjustment or recovery by the United States in any case where incorrect payment has been made to an individual who is without fault * * *, and where adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience."

■ Since the Hearing Examiner has unequivocally—and correctly, in view of the plaintiff's full disclosure in 1956—held that the plaintiff was "without fault" in receiving the benefits while she was working part-time, the sole question is whether adjustment or recovery "would defeat the purpose of this subchapter *or* would be against equity and good conscience." 42 U.S.C. § 404(b), supra. (*Emphasis added.*)   The Court does not reach the question whether repayment would defeat the purpose of the subchapter, because the Court concludes that such repayment would clearly "be against equity and good conscience."

The Department's *own* regulations interpreting this section define the phrase as follows:

> "'*Against equity and good conscience*' means that it would be *in-*

2. Upon the plaintiff's attainment of age 72 in March, 1961, she became entitled to benefits without regard to any deductions for work under the "7-day rule," supra n. 1.   Currently, recoupment of the overpayment of $3,414.70 is being accomplished by withholding the benefits presently payable to the plaintiff as they come due.

*equitable to ask for repayment from the individual (regardless of his financial circumstances).* This depends upon whether the individual by reason of the payment has

"(a) *Relinquished a valuable right,* e. g., a wage earner who has retired from employment which he is now unable to regain; or

"(b) *Changed his position for the worse,* e. g., a wage earner entered into employment relying on the erroneous advice of a Bureau representative that his employment after entitlement is not covered and did not report the employment." Reg. § 404.509, Appendix, Title 42, U.S. C.A., 20 C.F.R. 404.509. (Emphasis added.)

Under the language of this regulation, plaintiff "relinquished a valuable right" —namely, the right to decide intelligently how much she wanted to work. Plaintiff stated on a questionnaire dated June 26, 1960: "I limited my earnings so that I would not earn over $1200 in any year." Had plaintiff known that the 7-day rule was to be applied in a manner which would deprive her of all Social Security benefits, she might well have chosen to work much more than she did. On the other hand, she might have chosen not to work at all, and to receive, instead, the insurance benefits. By working, she earned only $13.10 per month more than she received in such insurance benefits. On the same questionnaire of June 26, 1960, plaintiff said that her brother was on a pension and was ill with a heart condition and arthritis. She might well have decided to stay home with him. Plaintiff thus lost a valuable right—the right to choose intelligently among various alternatives—through no fault of her own. See Kilby v. Ribicoff, 198 F.Supp. 184, 187 (D.Pa.1961). In these undisputed circumstances, with fault attributable solely to the Department's failure promptly to follow up plaintiff's 1956 disclosures, and in view of the undisputed fact that plaintiff's total savings

amount to about $11,800, with a monthly income jointly with her brother of $177 balanced against joint monthly expenses of $170, the Court believes that it would be inequitable and unconscionable to require plaintiff to repay the amount she was overpaid, either by direct cash repayment or by withholding current benefits [3] as they come due.

Defendant's motion to dismiss or in the alternative for summary judgment will therefore be denied, and plaintiff's motion for summary judgment will be granted.