**UNITED STATES of America,
Plaintiff,**

v.

**Benjamin Holland BLACKWELL, a Minor, and The South Carolina National Bank, Guardian for Benjamin Holland Blackwell, Minor, Defendants.**

**Civ. A. No. 4275.**

United States District Court
W. D. South Carolina,
Greenville Division.

Heard Feb. 11, 1965.

Decided Feb. 16, 1965.

John C. Williams, Dist. Atty. for the Western District of South Carolina, and Ernest J. Howard, Asst. Dist. Atty., Greenville, S. C., for plaintiff.

J. Wright Horton and Charles W. Marchbanks, Rainey, Fant & Horton, Greenville, S. C., for defendants.

HEMPHILL, District Judge.

Motions to dismiss the action on grounds that Second Amended Complaint fails to state a claim upon which relief could be had precipitate the Court's consideration. Rule 12(b) (6), Federal Rules of Civil Procedure, confers authority and direction.

Original action seeks recovery from minor defendant (of which defendant Bank is guardian and E. Randolph Stone is Guardian ad Litem) of Social Security benefits alleged to have been paid to minor after his adoption by Glenn A. Blackwell, great uncle, in April 1957. ·Undisputed facts disclose that the minor is the child of deceased wage earner Benjamin H. Sutton, and, upon his demise, began receipt of payments.[1] After the later adoption by the great uncle the payments continued despite the fact the great uncle is not approved for adoption [2] under the statute continuing payments if adoption is by certain kin.

At the hearing before the Court, counsel for the plaintiff conceded that the Complaint states no claim against the defendant, The South Carolina National Bank, Guardian for Benjamin Holland Blackwell, and consented to the granting of the motion of that defendant. Therefore, the only remaining question is whether the Complaint [3] states a claim against the minor defendant upon which relief can be granted. After hearing the full and able arguments of counsel for both parties, the Court concludes that it does not.

Parties agree the minor was under the age of seven years at all times during the erroneous pay period. Section 204 (b) of the Social Security Act (42 U.S.C. A. § 404(b) provides:

"There shall be no adjustment or recovery by the United States in any case where incorrect payment has been made to an individual who is without fault (including payments made prior to January 1, 1940), and where adjustment or recovery would

1. 42 U.S.C.A. § 402(d) sets forth a "child's insurance benefits" under subchapter II of the Social Security Act specifying Federal Old-Age, Survivors and Disability Insurance benefits.

2. Uncle or Aunt, stepparent or grandparent are approved; the statute is silent as to the best interests of the child if the adopting kin is brother, sister or cousin to limited degree.

3. Pertinent parts of the Complaint, not controverted, are:

"The defendant Benjamin Holland Blackwell, a minor is the child of deceased wage earner, Benjamin H. Sutton, and was entitled to child's insurance benefits under the Social Security Act. The

defendant minor was adopted by Glenn A. Blackwell in April 1957 and was not entitled to benefits after March 1957. 42 U.S.C. 402(d).

"The United States erroneously continued to pay these child's insurance benefits, aggregating $2,169.30, to Glenn A. Blackwell on behalf of the minor defendant from April 1957 through December 1958 at the monthly rate of $60.30, and for January 1959 through February 1960 at the monthly rate of $64.50.

"The erroneous payments were spent to meet the needs of the minor and for the benefit of the minor.

"Demand for repayment has been made upon defendants but no part of the said sum has been paid by either of them."

defeat the purpose of this subchapter or would be against equity and good conscience."

The determination that the minor was overpaid is not an issue here. Neither is the issue of the liability of the adoptive father (great uncle). Solely before the Court is the issue of the minor's legal liability to refund the overpayment.

That the minor defendant was "without fault" in causing the overpayment within the meaning of the above section was conceded by counsel for the plaintiff during argument before the Court. Regulation 404.509 of the Social Security Administration provides that "against equity and good conscience" means that adjustment or recovery of an overpayment will be considered inequitable if the individual, regardless of his financial circumstances has, by reason of the overpayment, relinquished a valuable right or changed his position for the worse.

■■ After he adopted the minor defendant, Glenn A. Blackwell was under a legally enforceable duty to support his son. Campbell v. Campbell, 200 S.C. 67, 20 S.E.2d 237. Assuming that the identical funds received by him from the Social Security Administration were used for the support, maintenance and benefit of the minor defendant, such funds were used to discharge that legal duty. As a matter of law, the minor defendant, being under seven years of age, had no notice of the illegal source of the funds used by his father to support him, and accepted the benefits thereof in good faith. He was therefore in the position of a bona fide purchaser, for value and without notice, as to these funds, and, after receiving the funds for his support, he changed his position for the worse by relinquishing his claim for support (a valuable right) against his father for such support. No recovery can be had from a transferee of trust funds without ' notice who has thus changed his position.

Prezioso v. Flemming, 180 F.Supp. 784, 788, 789 (E.D.N.Y.1960).

The language of Prezioso v. Flemming, supra, is significant:

"Assuming the Secretary was correct in tracing to plaintiff the funds received by Andrew [father] for plaintiff's [minor son's] benefit, his theory of recovery from plaintiff is insupportable. There is no question that Andrew had a legally enforceable obligation to support his son. The child's benefits received from the Bureau were, according to the Secretary, employed by Andrew to discharge that obligation. Plaintiff had no notice of the illegal source of the funds and accepted the benefits thereof in good faith." 180 F.Supp. at 788.

■ The analogy is apparent, the reasoning controlling. There is, and can be, no finding here, against the *minor defendant* that he was not "without fault" in receiving the money. See Knapczyk v. Ribicoff, 201 F.Supp. 283, 286 (N.D. Ill.1962). The Complaint alleges no fault, counsel admit no fault.

■ The problem is a legal one, as the facts are not in dispute. Kilby v. Folsom, 3 Cir., 238 F.2d 699, 700, Green v. Secretary of H. E. W., D.C., 218 F.Supp. 761.

■ The Green Case, supra, is authority for the additional finding here that it would be against equity and good conscience to require repayment. See also United States v. Hart, 90 F.2d 987 (3rd Cir. 1937). In the Hart case, the United States erroneously paid a tax refund to the executor of a decedent's estate, and, after the assets of the estate had been distributed pursuant to order of the Probate Court, brought suit against the residuary legatee, not the executor, to recover the funds. Holding that a suit could not be maintained against the residuary legatee, the Court noted that no privity existed between her and the Government, that the money was paid to her by decree of court and

was, therefore, legally paid, and that she was under no obligation in the way of conscience or unfair dealing to repay the funds.

In the present case, the overpayments were, according to the Complaint, paid to the adoptive father—not to the minor defendant. The minor had no connection with the United States. Even if the father used these identical funds to support the minor, the minor was not enriched thereby. He received only that to which he was legally entitled—support from his father. Due to his tender years, he cannot be charged with any knowledge as to the illegal source of the funds used to furnish him with such support, or with any wrongful act on the part of his father. The minor was therefore in the position of a bona fide purchaser for value without notice. No recovery can be had from a transferee of trust funds for value without notice who was not knowingly a party to an illegal transaction. Restatement, Trusts Second, Section 284. Even if it could be said that no value was given by the minor defendant, recovery would still not be justified here. No recovery can be had from a transferee of trust funds without value, who takes without notice, if he has so changed his position that it would be inequitable to require him to restore the funds. Restatement, Trusts Second, Section 292(1); Prezioso v. Flemming, supra.

In addition to the above reasoning the Court applies the language of Title 42 U.S.C.A. § 404(a) and (b) which provides:

"(a) Whenever an error has been made with respect to payments to an individual under this subchapter (including payments made prior to January 1, 1940), proper adjustment shall be made, under regulations prescribed by the Secretary, by increasing or decreasing subsequent payments to which such individual is entitled. If such individual dies before such adjustment has been completed, adjustment shall be made by increasing or decreasing subsequent benefits payable with respect to the wages and self-employment income which were the basis of benefits of such deceased individual.

"(b) There shall be no adjustment or recovery by the United States in any case where incorrect payment has been made to an individual who is without fault (including payments made prior to January 1, 1940), and where adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience."

No recovery can be had against the minor here under the limitation and intent of the statute. The admitted facts sustain any burden of proof on minor's part to establish that repayment would defeat the purposes of this part of the Social Security Act. Price v. Folsom, D.C., 168 F.Supp. 392; 3 Cir., 280 F.2d 956, Cert.Den. 365 U.S. 817, 81 S.Ct. 698, 5 L.Ed.2d 695.

The Court therefore concludes that the Second Amended Complaint fails to state a cause of action against the minor defendant upon which relief can be granted.

The Court has also been asked to set and approve a reasonable fee for the defendant's attorneys and for the guardian ad litem for the minor defendant. This action has been pending since January 24, 1963, and the Court finds that the firm of Rainey, Fant & Horton, Attorneys for both the defendant Bank and for the guardian ad litem, has expended much time and effort in connection with the case, including several appearances in Court for argument of various motions, as well as in research, conferences, and preparation of pleadings and briefs. The guardian ad litem has also investigated the matter, conferred with his attorneys, and appeared in Court for the argument of motions. The Court therefore concludes that a fee of $750.00 to Rainey, Fant & Horton for their services in representing the

defendants, and a fee of $105.00 to E. Randolph Stone for his services as guardian ad litem, would be reasonable and proper in the circumstances.

And it is so ordered.