408 F.2d 207
 132 U.S.App.D.C. 404
 Bill STRAVAKIS and Christ Mitros, Co-Administrators of the
Estate of Mike Menaedes, Deceased, Maria M.
Menaedes, Maria Menaedes, a minor, by
her mother and next friend,
Maria M. Menaedes, Appellants,
v.
John W. GARDNER, Secretary, Department of Health, Education
and Welfare, appellee.
 No. 22117.
 United States Court of Appeals District of Columbia Circuit.
 Argued Dec. 13, 1968.
Decided Jan. 23, 1969, Petition for Rehearing Denied March 7, 1969.
 
 Mr. Richard M. Millman, Washington, D.C., for appellants. Mr. David Mayers, Washington, D.C., also entered an appearance for appellants.
 Mr. Julius A. Johnson, Asst. U.S. Atty., with whom Messrs. David G. Bress, U.S. Atty., Frank Q. Nebeker and Nathan Dodell, Asst. U.S. Attys., were on the brief, for appellee.
 Before DANAHER, WRIGHT and LEVENTHAL, Circuit Judges.
 DANAHER, Circuit Judge:
 
 
 1
 This appeal challenges the District Court's award of summary judgment for the Secretary. We have carefully considered the claims advanced by the appellants but find them wanting. Accordingly we affirm.
 
 
 2
 After adverse administrative action, the appellants sought[1] to prevent recovery of an overpayment of old-age insurance benefits from the estate of a deceased wage earner, one Mike Menaedes. The Appeals Council on April 8, 1966 held that there had been an overpayment of benefits to appellants' decedent in that the latter had not reached the age of 65 at the time of his application for benefits on July 29, 1959. He then stated that he was born on April 16, 1893, and benefits were paid at the rate of $116 per month from January, 1959 through August, 1962 when further payments were suspended pending an investigation of his age. A Hearing Examiner noted that when menaedes had applied in 1950 for Social Security coverage, he declared his birth date to have been July 16, 1898. That same date was discernible from yet other records which reflected information provided by the decedent at various times. The Hearing Examiner observed that the claimant himself had given little credence to a birth date in 1893[2] and that he had 'used that date only when he applied for old-age insurance benefits.'
 
 
 3
 Appellants' principal contention is that the decedent had relinquished a valuable right, i.e., he gave up his business, in reliance upon receiving the overpayment in question, and consequently under the applicable regulation, 20 C.F.R. 404.509, repayment had been waived. But in deciding against the appellants on this issue, the Examiner may have given weight to the decedent's statement shortly after he had applied for benefits that his business had been suffering a decline for some two years and 'I expect it to get worse.'
 
 
 4
 The Act while authorizing limited court review provides that the 'findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive.'[3] We are not persuaded that error has been shown,[4] and the judgment of the District Court is
 
 
 5
 Affirmed.
 
 
 
 [1]
 42 U.S.C. 405(g) (1964) authorizes court review of such a decision
 
 
 [2]
 When Menaedes applied for old-age benefits he furnished a document purporting to establish his birth date as April 16, 1893. That instrument had been issued by the president of a municipality of Volados, Greece, but was not based upon contemporary birth records
 
 
 [3]
 Cf. Sherrick v. Ribicoff, 300 F.2d 494, 495 (7 Cir. 1962). Under the circumstances and in view of the record here, appellants are not aided by Green v. Secretary of Health, Education and Welfare, 218 F.Supp. 761, 763 (D.D.C.1963) upon which reliance had been placed
 
 
 [4]
 Of course, the burden of proof rested upon the appellants. May v. Gardner, 362 F.2d 616, 617 (6 cir. 1966)