Joseph M. MITCHELL

v.

Robert FINCH, Secretary of Health, Education and Welfare.

Civ. A. No. 69–2268.

United States District Court, E. D. Pennsylvania.

May 21, 1970.

Ivan J. Krouk, of Kaplan & Grodinsky, Philadelphia, Pa., for plaintiff.

Louis C. Bechtle, U. S. Atty., Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

WEINER, District Judge.

This is an action to review a final decision of the Secretary of Health, Education and Welfare, pursuant to 42 U.S.C. § 405(g). The decision of the hearing examiner became the final decision of the Secretary when the Appeals Council, after receipt of additional evidence, concluded that the decision of the hearing examiner which denied benefits to the plaintiff was correct.

Presently before us are the motions of each party for summary judgment. The sole issue for our consideration is whether the Secretary's decision is supported by substantial evidence. The factual background to this case is as follows:

Plaintiff applied for retirement insurance benefits at age 62. Following an interview, a representative of the Social Security Administration recommended that Mitchell was ineligible to receive any benefits due to his failure to provide adequate information as to his retirement. However, due to inadvertence, the Administration began forwarding retirement benefit payments to plaintiff in April, 1965. These monthly payments continued until May, 1966 when they were suspended and Mitchell was notified that he had not been eligible to receive any payments for 1965 and 1966. That he would be required to refund those payments which were incorrectly paid to him. After an exchange of letters, Mitchell requested a hearing which was granted and held in February, 1969. Plaintiff and his accountant, Jerome Fox, appeared and testified before the Hearing Examiner.

After a careful analysis of the facts and testimony, the Hearing Examiner, in his decision rendered on March 24, 1969, concluded as follows at page 5:

"A review of the record and the testimony in this case relating to claimant's activities and earnings during the period involved, discloses so many discrepancies and conflicting statements that it is not possible for the Hearing Examiner to lucidly delineate a factual basis upon which a finding favorable to the claimant could properly be predicated".

In order to determine whether there was substantial evidence to support the decision in this case, we are required to examine the record as a whole. Boyd v. Folsom, 257 F.2d 778 (3d Cir. 1958); Klimaszewski v. Fleming, 176 F.Supp. 927 (E.D.Pa.1959). The Supreme Court has defined substantial evidence as follows:

"We have defined 'substantial evidence' as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion'. Consolidated Edison Co. of New York v. National Labor Relations Board, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L. Ed. 126 (1938)".

Consolo v. Federal Maritime Commission, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966).

■■ Having carefully reviewed the entire record, we have concluded that the Secretary's decision is amply supported by the evidence. The hearing examiner based his decision on several factors including the nature of plaintiff's business, certain statements made at different times and various wage records. The record is replete with conflicting accounts as to plaintiff's duties during the

period subsequent to April, 1965. Similarly, discrepancies exist between the amount of income which was reported to the Administration in his application for benefits and the amount of income subsequently reported to the Internal Revenue Service. The hearing examiner, after carefully reviewing the record which consisted, inter alia, of plaintiff's testimony, Mr. Fox's testimony and various exhibits, concluded that plaintiff was in a position to control the amount of his income and that this income was substantially greater for the years 1965 thru 1968 than the maximum permissible for the receipt of benefits. Mitchell's business was a family held corporation, which sold legal texts and materials. The company operated from his residence and throughout the period in question Mitchell contributed time and effort to the business. We concur in the finding of the hearing examiner that plaintiff remained an integral part of the company during the years in question. We also agree with the finding that the Social Security Administration is entitled to recover the payments made to plaintiff from April 1965 thru April 1966 pursuant to 42 U.S.C. § 404. We cannot believe that Mitchell was "without fault" in accepting these payments and therefore they should be refunded. Blume v. Gardner, 262 F.Supp. 405 (D.Mich. 1966) aff'd 397 F.2d 809 (6th Cir. 1968). The record indicates that when plaintiff was interviewed by a representative of the Administration shortly after his initial application for benefits, plaintiff refused to provide adequate answers to the questions posed by the interviewer. In refusing to answer certain questions, plaintiff should have known that the Administration lacked the information required for it to make a proper determination of his status. Plaintiff is an experienced businessman and should have been on notice that further proof of his retirement was required by the Administration. Under 42 U.S.C. § 404(a) & (b), overpayments must be refunded except where the recipient is without fault or where such refund would defeat the purposes of the Act or would be against equity and good conscience. Stravakis v. Gardner, 408 F.2d 207 (D.C. Cir. 1969); Morris v. Celebrezze, 238 F.Supp. 717 (E.D.N.Y.1965). The refund of payments in this case does not fit into these exceptions and such refund should be made by the plaintiff.

By statutory provision, the findings of the Secretary, as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). In the instant case, we have concluded that both the findings and the decision of the Secretary are supported by substantial evidence and we shall therefore grant defendant's motion for summary judgment.