**John C. KING, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

No. 92–1980.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 20, 1992.

Decided Dec. 10, 1992.

Mariclare Thinnes, Des Moines, IA, for petitioner.

Catherine C. Cook, Chicago, IL (Catherine C. Cook, Steven A. Bartholow, Edward S. Hintzke and Rachel L. Simmons, on the brief), for respondent.

Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.

PER CURIAM.

The Railroad Retirement Board (Board) seeks to recover excess disability benefits paid to John C. King under the Railroad Retirement Act (Act), 45 U.S.C. §§ 231–231u (1988). King petitions for review of the Board's decision denying a waiver of the recovery. We affirm.

The Board awarded King a disability annuity under the Act beginning July 10, 1972. King signed a form certifying he understood the requirement for reporting any earnings he received in excess of $200 per month. From 1975 to 1986, King failed to report regularly his excess earnings derived from self-employment. King did not even inform Board he was self-employed until 1980. In October 1988, the Board notified King he had been paid nearly $20,-000 in excess benefits between 1975 and 1986.

Under the Act, the Board may recover erroneous payments at any time if the Board finds it has paid more than the correct amount of annuities. 45 U.S.C. § 231i(a). The Board may waive recovery if (1) the beneficiary is without fault, and

(2) the recovery is either against the purpose of the Act or against equity or good conscience. *Id.* § 231i(c); *Peterson v. United States R.R. Retirement Bd.,* 780 F.2d 1361, 1363 (8th Cir.1985).

King requested a waiver and a review of the overpaid amount. A Board hearings officer rejected King's calculation of the overpayment. The hearings officer found King at fault for the overpayment because King knew or should have known that he was required to report excess earnings. The hearings officer concluded that although repayment would create a hardship, the finding of fault precluded waiver of repayment. The Board summarily denied King's later appeal.

Our review of the Board's decision is limited to determining whether it "is supported by substantial evidence, is not arbitrary, and has a reasonable basis in law." *Williams v. United States R.R. Retirement Bd.,* 585 F.2d 341, 343 (8th Cir. 1978) (per curiam). We affirm the Board's findings of fact "if supported by evidence and in the absence of fraud." 45 U.S.C. § 355(f) (1988).

First, King contends 28 U.S.C. § 2415 bars the Board's recovery claim. Section 2415 states that "except as otherwise provided by Congress, every action for money damages brought by the United States" shall be filed within six years of the action's accrual. According to King, the Board had enough information in 1980 to seek recovery, and thus, this action commenced in 1988 is untimely. We disagree. The Board's action to recover the overpayment is not an action for money damages within the meaning of § 2415. *See S.E.R., Jobs for Progress, Inc. v. United States,* 759 F.2d 1, 5 (Fed.Cir.1985) (agency action disallowing costs to government contractor is not an action for money damages). Further, Congress has otherwise provided that the Board may recover erroneous payments "at any time." 45 U.S.C. § 231i(a). We also reject King's related contention that the doctrine of laches bars the action because we conclude the delay here was not unreasonable or unexcused. *See Whit-*field *v. Anheuser–Busch, Inc.,* 820 F.2d 243, 244 (8th Cir.1987).

Next, King contends the Board incorrectly found him at fault for the overpayment. Having reviewed the record, we conclude substantial evidence supports the Board's determination that King was at fault. A recipient is "at fault" if the overpayment was caused by the recipient's failure to disclose material facts or if the recipient knew or should have known the payment was incorrect but failed to report it. 20 C.F.R. § 255.12(a)–(c); *see Peterson,* 780 F.2d at 1363. King did not timely and accurately report his earnings nor did King notify the board when he began his self-employment. Although King asserts he did not know he needed to report this information, his certification that he understood the eligibility requirements indicates he should have known. *See Chapman v. Bowen,* 810 F.2d 151, 152–53 (8th Cir.1986) (per curiam).

Finally, King contends the Board incorrectly calculated the overpayment. We conclude the Board's determination is supported by substantial evidence.

Accordingly, we deny King's petition for review.