991 F.2d 802
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Leonora A. PRATT, Petitioner,
v.
RAILROAD RETIREMENT BOARD, Respondent.
 No. 92-1539.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 6, 1993.
Filed: April 9, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Leonora Pratt petitions this court for review of the Railroad Retirement Board's decision denying her request for a waiver of recovery of an overpayment of her railroad retirement annuity. We affirm.
 
 
 2
 Our "review of the Board's decision is limited to determining whether it 'is supported by substantial evidence, is not arbitrary, and has a reasonable basis in law.' " King v. Railroad Retirement Bd., 981 F.2d 365, 367 (8th Cir. 1992) (per curiam) (quoted case omitted). Under the Railroad Retirement Act, the Board may waive recovery of overpayment of annuities if, in its judgment, the beneficiary is without fault and the recovery is either against the purpose of the Act or against equity or good conscience. Id. at 366-67; 45 U.S.C. § 231i(c). Among the factors considered by the Board in deciding whether to waive an overpayment is "[w]hether, at the time or times of receipt of payments[,] the individual knew or should have known the amount thereof to be incorrect and failed to inquire or advise the Board of the incorrectness of the amount of the payment or payments[.]" 20 C.F.R. § 255.12(c) (1992).
 
 
 3
 Having reviewed the record, we conclude substantial evidence supports the Board's determination that Pratt was at fault. Pratt testified that a Board clerk informed her that the annuity checks already mailed to her should have been offset by Social Security survivor benefits she had received. Thus, Pratt knew or should have known at the time she received the annuity checks that the amount was incorrect, yet she negotiated the checks. Although Pratt asserts that she believed the clerk to be mistaken, we agree with the Board that a reasonable person under the circumstances would have asked if the amount of the checks received was correct before negotiating them.
 
 
 4
 Accordingly, we affirm.