# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-1786

———————

| | | |
|---|---|---|
| Jeanette E. Oye, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the |
| | * | Railroad Retirement Board |
| Railroad Retirement Board, | * | |
| | * | [UNPUBLISHED] |
| Respondent. | * | |

———————

Submitted: January 6, 2000

Filed: January 13, 2000

———————

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD
   ARNOLD, Circuit Judges.

———————

PER CURIAM.

Jeanette E. Oye appeals from the final order of the Railroad Retirement Board
(RRB) denying a waiver of recovery of overpaid benefits. For reversal appellant
argues that the RRB failed to follow its internal policy regarding waiving recovery of
overpayments and defined "against equity and good conscience" too narrowly; she also
challenges the accuracy of the RRB's calculations.

Our review of an RRB decision is limited to determining whether it is supported by substantial evidence, not arbitrary, and reasonably based in the law; the RRB's findings of fact, if supported by the evidence and in the absence of fraud, are conclusive. See 45 U.S.C. § 355(f); King v. Railroad Retirement Bd., 981 F.2d 365, 367 (8th Cir. 1992) (per curiam). We conclude the evidence does not support Oye's contention that she relinquished a valuable right and that recovery of the overpayment would thus be "against equity and good conscience." See Groseclose v. Bowen, 809 F.2d 502, 506 (8th Cir. 1987) (recovery of social security benefits is "against equity and good conscience" if, inter alia, beneficiary relinquishes a valuable right); 20 C.F.R. § 255.12 (c) (1997) (beneficiary has no entitlement to waiver of recovery of overpaid RRB benefits; factors considered in determining whether waiver should be granted include whether individual knew or should have known amount was incorrect and failed to inquire or advise RRB of incorrectness of amount).

We further conclude that the RRB's explanation as to why its waiver policy was not applicable to Oye is "adequate to satisfy the requirement of reasoned decisionmaking." See Reed v. Railroad Retirement Bd., 145 F.3d 373, 375 (D.C. Cir. 1998) (court satisfied with RRB's explanation of what appeared to be inconsistent rulings).

Finally, we conclude the RRB's calculations were supported by evidence in the record and Oye submitted no evidence of fraud. We also deny any further postponement in rendering our decision, because Oye's request for a temporary postponement was based upon the RRB's allegedly incorrect calculations.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.