**In re James and Mary BERG, Debtors.**

**UNITED STATES of America, Appellant,**

v.

**Kenneth W. BATTLEY,
Trustee, Appellee.**

BAP No. AK–95–1378–NMeJe.
Bankruptcy No. A94–00064–HAR.
Adv. No. A94–00064–001.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted Sept. 21, 1995.

Decided Oct. 30, 1995.

Robert J. Branman, Washington, DC, for Appellant.

M. Gregory Oczkus, Anchorage, AK, for Appellee.

Before NAUGLE[1], MEYERS and JELLEN[2], Bankruptcy Judges.

## OPINION

NAUGLE, Bankruptcy Judge:

### I.

The Chapter 7 trustee, Kenneth W. Battley, filed a complaint against the United States of America, Internal Revenue Service ("United States" or "IRS") to avoid a federal tax lien. The bankruptcy court entered a judgment in favor of the trustee and it is from this judgment that the United States appeals. For the reasons set forth below, we REVERSE the bankruptcy court's order.

### II.

### FACTS

The IRS made income tax assessments against Debtors James and Mary Berg for tax years 1980, 1981 and 1982. Both in 1987 and 1993 the IRS filed a Notice of Federal Tax Lien to secure those tax assessments, which caused a lien to fix on all the Debtors' real and personal property. *See* 26 U.S.C. § 6321.

Debtors filed for Chapter 13 relief on January 28, 1994.[3] Their case was converted to Chapter 7 on May 31, 1994.[4] Kenneth W. Battley was appointed the Chapter 7 trustee.

Among the property in the Debtors' bankruptcy estate was a promissory note in the amount of $105,000 secured by a deed of trust. The trustee filed an adversary complaint against the United States to avoid the federal tax lien as to the promissory note. The trustee asserted that he had the authority, as a bona fide purchaser under Bankruptcy Code section 545(2), to avoid a federal tax lien based upon specified provisions in Internal Revenue Code section 6323(b).[5]

The United States filed a motion for judgment on the pleadings. Thereafter, both the trustee and the United States filed motions for summary judgment. The bankruptcy court entered a judgment in favor of the trustee and held that the trustee was entitled to avoid the federal tax lien. The United States timely appealed.

### III.

### ISSUES PRESENTED

Whether a trustee, as a hypothetical bona fide purchaser under Bankruptcy Code section 545(2), can avoid a federal tax lien with respect to property expressly referred to in Internal Revenue Code section 6323(b)(1), as a purchaser who lacks notice of the Government's claim and parts with adequate and full consideration in money or money's worth. 26 U.S.C. § 6323(h)(6).

### IV.

### STANDARD OF REVIEW

The material facts are not in dispute. The bankruptcy court's conclusions of law are reviewed *de novo*. *In re Bisch*, 159 B.R. 546, 548 (9th Cir. BAP 1993). Because a trustee's lien avoidance power is a question of law, the ability to avoid a lien is reviewed *de novo*. *In re Loretto Winery Ltd.*, 898 F.2d 715, 718 (9th Cir.1990).

### V.

### DISCUSSION

Section 545 of the Bankruptcy Code permits a trustee to avoid the fixing of certain

---

1. Honorable David N. Naugle, Bankruptcy Judge for the Central District of California, sitting by designation.

2. Honorable Edward D. Jellen, Bankruptcy Judge for the Northern District of California, sitting by designation.

3. *See* 11 U.S.C. §§ 1301–1330.

4. *See* 11 U.S.C. §§ 701–766.

5. All references to the Bankruptcy Code are to Title 11 of the United States Code. All references to the Internal Revenue Code are to Title 26 of the United States Code.

statutory liens. 11 U.S.C. § 545. For example, statutory liens that are not perfected or enforceable on the date of the bankruptcy petition against a bona fide purchaser are voidable.[6]

 A federal tax lien is a statutory lien. 11 U.S.C. § 101(53). A tax lien in favor of the United States arises by operation of law if a person is unable to pay a tax liability after demand for payment is made.[7] 26 U.S.C. § 6321. The lien attaches to all real and personal property of the taxpayer. *Id.* Moreover, this statutory lien is perfected against a taxpayer without the necessity of filing a Notice of Federal Tax Lien. *Collier on Bankruptcy,* ¶ 11.04[2] at 11–49 (15th ed. 1995). A Notice of Federal Tax Lien must, however, be filed before a tax lien will be effective against third parties. 26 U.S.C. § 6323(a).

 Even if a Notice of Federal Tax Lien has been filed, a federal tax lien is not effective against certain categories of persons. *United States v. Hunter (In re Walter),* 45 F.3d 1023, 1027 (6th Cir.1995); *See United States v. Weissing (In re Southern Transfer),* 1995 WL 579928, at *2 (M.D.Fla.1995). These persons are afforded special protection in their dealings with the taxpayer notwithstanding the fact that a Notice of Federal Tax Lien has been previously filed. For instance, Internal Revenue Code section 6323(b) affords "superpriority" status to bona

fide purchasers of certain types of property and permits them to take property free and clear of a federal tax lien. *In re Znider,* 150 B.R. 239, 244 (Bankr.C.D.Cal.1993) *vacated on other grounds,* 167 B.R. 603 (C.D.Cal. 1993).

In the case at bar, the trustee argues that Bankruptcy Code section 545(2), in conjunction with Internal Revenue Code section 6323(b)(1), gives him the authority to avoid the federal tax lien on the $105,000 promissory note. More specifically, the trustee argues that the promissory note is property enumerated in Internal Revenue Code section 6323(b).[8] Thus, as a hypothetical bona fide purchaser of the promissory note under Bankruptcy Code section 545(2), he contends that he has the power to avoid the federal tax lien.

Relatively little case law has developed regarding the interrelationship between Bankruptcy Code section 545(2) and Internal Revenue Code section 6323(b). Of the courts which have addressed the issue, there is no general consensus as to the trustee's ability to avoid federal tax liens by virtue of these code sections. Some lower courts have granted avoidance powers to the trustee. *See, e.g., Znider,* (section 545 may be used to avoid federal tax liens on property enumerated in section 6323(b)); *In re Robinson,* 166 B.R. 812 (Bankr.D.Vt.1994) (a trustee may step into the shoes of a hypothetical bona

---

**6.** *See* Bankruptcy Code section 545(2) which states, in part:

> The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—
> (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists....
> 11 U.S.C. § 545(2).

**7.** Internal Revenue Code section 6321 states that:

> If any person liable to pay any tax neglects or refuses to pay same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321.

**8.** Internal Revenue Code section 6323(b) states, in relevant part:

> Even though notice of a lien imposed by section 6321 has been filed, such lien shall not be valid—
> (1) With respect to a security ...
> (A) as against a purchaser of such security who at the time of purchase did not have actual notice or knowledge of the existence of such lien; and
> (B) as against a holder of a security interest in such security who, at the time such interest came into existence, did not have actual notice or knowledge of the existence of such a lien.

26 U.S.C. § 6323(b)(1). The United States does not dispute the trustee's assertion that the promissory note is a security under this code section. Therefore, this issue is not addressed by the Panel.

fide purchaser and invalidate tax liens); and *In re Sierer*, 121 B.R. 884 (Bankr.N.D.Fla. 1990), *aff'd in part, rev'd in part, U.S. v. Sierer*, 139 B.R. 752 (N.D.Fla.1991) (debtor in possession, as hypothetical bona fide purchaser, has power to avoid liens on properties enumerated in section 6323(b)).

Other courts have restricted the trustee's avoidance powers. *See, e.g., Walter*, (trustee standing in shoes of hypothetical bona fide purchaser does not fall within protection of section 6323(b)); *Southern Transfer; In re McNitt*, 139 B.R. 21 (Bankr.D.Idaho 1992) (trustee cannot be considered a bona fide purchaser for purposes of section 6323); *In re Bates*, 81 B.R. 63 (Bankr.D.Or.1987) (federal tax lien is enforceable against trustee); and *In re Hepler*, 1993 WL 453370 (Bankr. D.S.C.1993) (hypothetical status given to a trustee under section 545 is not sufficient to avoid a federal tax lien).

In light of the divergence of authority, the United States urges this Panel to adopt the rule that a trustee does not have the power under Bankruptcy Code section 545(2) to avoid a federal tax lien that encumbers property enumerated in Internal Revenue Code section 6323(b). The United States' argument is two-fold.

### A. *Congressional Intent*

The United States first argues that the conflicting legislative history of Bankruptcy Code section 545(2) puts into question the applicability of this avoidance section to property specified in Internal Revenue Code section 6323(b).

While drafting the Bankruptcy Reform Act of 1978, the Senate had proposed an amendment to Bankruptcy Code section 545 which would have expressly limited the trustee's power to avoid federal tax liens. S.REP. No. 989, 95th Cong., 2d Sess., 85–86 (1978). The House of Representatives ultimately rejected the amendment and it never became law. In rejecting the proposed amendment, the House intended to preserve the trustee's avoidance powers and clearly stated that "a [f]ederal tax lien is invalid under section 545(2) with respect to property specified in sections 6323(b) and (c) of the Internal Revenue Code...." 124 CONG.REC. H11097

(daily ed. Sept. 28, 1978). However, the House was under the assumption that existing law already permitted the trustee to avoid federal tax liens and rejected the proposed amendment as "unnecessary" under the mistaken belief that the amendment would not alter the trustee's avoidance powers. *Znider* at 242. In actuality, the proposed amendment would have restricted the trustee's ability to avoid federal tax liens. *Id.* This inconsistency, argues the United States, reveals an underlying misconception on behalf of the House which renders the legislative history useless.

The United States has set forth this argument in previous cases. Several cases have stated that the legislative history behind Bankruptcy Code section 545 is not controlling because the language of the statute is plain and may be interpreted on its face. *Znider* at 243; *Walter* at 1027 n. 2.

### B. *"Bona Fide Purchaser"*

The United States next argues that a trustee, although a bona fide purchaser for purposes of Bankruptcy Code section 545(2), is not a bona fide purchaser for purposes of Internal Revenue Code section 6323(b). Accordingly, a trustee may not use Bankruptcy Code section 545(2) in conjunction with Internal Revenue Code section 6323(b) to avoid a federal tax lien. The United States refers to the recent decision by the Sixth Circuit Court of Appeals, *In re Walter*, 45 F.3d 1023 (6th Cir.1995), in support of its contention.

In *Walter*, the appellate court noted that Internal Revenue Code section 6323(b) affords protection to a "purchaser". *Id.* at 1030. The term "purchaser" is defined in Internal Revenue Code section 6323(h)(6) as a "person who, for adequate and full consideration in money or money's worth" acquires an interest in property. 26 U.S.C. § 6323(h)(6). The *Walter* court further noted that

> "Although the term 'bona fide purchaser' is not defined in the Bankruptcy Code, it is generally understood to mean '[o]ne who has purchased property for value without notice of any defects in the title of the seller ... Thus, 'value' is a much lower standard than 'adequate and full consideration in money or money's worth.'"

*Id.* The *Walter* court went on to reason that a bona fide purchaser under the Bankruptcy Code is not necessarily a purchaser for purposes of Internal Revenue Code section 6323(b). *Id.* Consequently, a trustee conferred with hypothetical bona fide purchaser status may not use the "superpriority" protection of the tax statute to invalidate federal tax liens.

 The Court of Appeals for the Sixth Circuit has carefully analyzed and resolved nearly the exact issue before this Panel, and neither the parties nor our research has uncovered any comparable Circuit level decision that reaches a contrary result. Unlike the bankruptcy judge, we find the interpretation of Internal Revenue Code section 6323(b) by the Sixth Circuit to be both reasonable and authoritative. Consistent application of federal law is an important goal, and a lower federal court should only deviate under compelling circumstances from the interpretation placed on a federal statute by the only Circuit to have spoken. The District Court in the Middle District of Florida has adopted the *Walter* rationale in a well-reasoned opinion. *See Southern Transfer.*

The Court of Appeals for the Ninth Circuit has provided us with guidance for resolving matters already consistently decided by other circuits:

> "Furthermore, with all of our sister circuits who have considered the issue arriving at the same conclusion, our going a different direction would only create an unnecessary intercircuit conflict. It is for this reason that we have adopted a cautionary rule, counseling against creating intercircuit conflicts. *See United States v. Chavez–Vernaza,* 844 F.2d 1368, 1374 (9th Cir.1987) (Chavez–Vernaza), *cert. denied,* —— U.S. ——, 114 S.Ct. 1324, 127 L.Ed.2d 672 (1994)."

*In re Taffi,* 68 F.3d 306, 308 (9th Cir.1995).

As Congress has shown by such statutory revisions as limiting rejection of collective bargaining agreements, waiving of sovereign immunity, and expanding preference time limits involving constructive insider status when only guarantors are insiders, bankruptcy is a field over which the legislative body responds effectively where there are conflicts

in our national goals; and the judicial application of the Bankruptcy Code as written is found unacceptable. Preservation of federal tax liens against all purchasers except those who are unaware of the liens and who participate with full and adequate consideration in money or money's worth is the explicit goal of Internal Revenue Code section 6323. A trustee in bankruptcy has the status of a bona fide purchaser to avoid tax liens under Bankruptcy Code section 545(2), but a higher standard has been dictated by Congress in Internal Revenue Code section 6323, motivated in. part by the decision of the Court of Appeals for the Fifth Circuit in *Enochs v. Smith,* 359 F.2d 924, 926 (5th Cir.1966) (ten dollars and liability assumption was enough to qualify the "purchaser" as giving "valuable consideration" under the predecessor of Internal Revenue Code section 6323 before the 1966 amendments). *See* REPORT OF THE COMMITTEE ON WAYS AND MEANS HOUSE OF REPRESENTATIVES TO ACCOMPANY H.R. 11256 [Federal Tax Lien Act of 1966], H.R. No. 1884, 89th Cong., 2d Sess., U.S.Code Cong. & Admin.News 1966, p. 3722 at 491–492 (1966). As the *Walter* court concluded, the standard Congress established in Internal Revenue Code section 6323 is expressly different from and higher than what will qualify a person as a bona fide purchaser.

 The trustee's ability to avoid federal tax liens must be determined under federal law. *United States v. Brosnan,* 363 U.S. 237, 240, 80 S.Ct. 1108, 1110–11, 4 L.Ed.2d 1192 (1960); *Atlantic States Constitution, Inc. v. Hand, Arendall, Bedsole, Greaves and Johnston,* 892 F.2d 1530, 1534 (11th Cir.1990); and *Southern Transfer.*

The logical conclusion to be drawn is that a trustee standing in the shoes of a bona fide purchaser under Bankruptcy Code section 545(2) does not fall within the beneficial protection of Internal Revenue Code section 6323 for the avoidance of a perfected federal tax lien because section 6323 requires a higher standard. *Walter* at 1030; *Southern Transfer.*

Therefore, as the *Walter* court concluded, the trustee must lose. Further, the approach of the Sixth Circuit in *Walter* is consistent with the analogous decisions in our own circuit in instances wherein the validity

of a state statutory lien by a hypothetical bona fide purchaser is challenged in bankruptcy; *See In re Loretto Winery Ltd.*, 898 F.2d 715 (9th Cir.1990); and wherein the goals of revenue collection conflict with the debtor's fresh start in bankruptcy. *See In re DeMarah*, 62 F.3d 1248, 1252 (9th Cir.1995) (debtor cannot remove lien for tax penalty from exempt property); *In re Isom*, 901 F.2d 744, 746 (9th Cir.1990) (federal tax liens survive even if underlying debt is discharged).

The Ninth Circuit Court of Appeals directs us to follow statutes as they are written. "In interpreting statutes in this [the bankruptcy] field we avoid resort to legislative history where the statute is not overtly ambiguous." *United States v. Ledlin (In re Mark Anthony Constr., Inc.)*, 886 F.2d 1101, 1105 n. 7 (9th Cir.1989), as quoted in *In re Pacific–Atlantic Trading Co.*, 64 F.3d 1292, 1301 (9th Cir.1995).

## VI.

### CONCLUSION

We conclude that a trustee cannot avoid the federal tax lien on the promissory note. Thus, we REVERSE the bankruptcy court's order and direct the bankruptcy court to enter judgment on the pleadings against the trustee and in favor of the United States.