**United States Bankruptcy Appellate Panel**
**FOR THE EIGHTH CIRCUIT**
No. 97-6010

In re:      *
     *
R. EUGENE JANSSEN and EUNICE      *
JANSSEN,      *
        Debtors.      *
     * Appeal from the United
R. EUGENE JANSSEN and EUNICE      * States Bankruptcy Court
JANSSEN,      * for the Northern District
     * of Iowa
        Plaintiff-Appellees,      *
     *
v.      *
     *
UNITED STATES OF AMERICA,      *
     *
        Defendant-Appellant.      *

_____

Submitted: September 18, 1997
Filed: October 24, 1997

_____

Before KOGER, Chief Judge, HILL, and DREHER, Bankruptcy Judges.

_____

WILLIAM A. HILL, Bankruptcy Judge:

The Internal Revenue Service ("IRS"), through the United States, appeals from a judgment in favor of the debtors, R. Eugene Janssen and Eunice Janssen ("Janssens"). The bankruptcy court permitted avoidance of an IRS tax lien pursuant to Section 545(2) of the Bankruptcy Code. The court further held that the IRS lien did not reach property held in the name of REJ Farm Enterprises, Inc. ("REJ"), a corporation wholly owned by the Janssens. For the reasons set forth below we reverse, in part, and affirm, in part the rulings of the bankruptcy court.

The Janssens formed REJ as an Iowa corporation on December 27, 1983. At that time, they personally held warranty deeds to nine parcels of real property located in Woodbury County, Iowa, consisting of both farmland and their homestead.

On January 2, 1984, the Janssens transferred by quitclaim deed their entire interest in the nine parcels of real property, as well as all interest in their farm machinery and livestock, to REJ, in exchange for stock in the corporation. Although they retained no residual interest in any of the transferred property, the Janssens continued to live on the homestead. Also on January 2, the Janssens, as directors of REJ, called its first organizational meeting, in the course of which R. Eugene Janssen was elected president and treasurer, Eunice Janssen was elected secretary, and the Janssen's son, Darloe Janssen, was elected vice-president.

On December 27, 1985, the Janssens amended their timely filed federal income tax returns for the tax years of 1980 and 1981 to show previously unreported income. On February 10, 1986, the IRS assessed the Janssens' tax liability for the tax years of 1980 and 1981 at $275,359.22 and $140,157.98, respectively. On February 9, 1987, the IRS filed a Notice of Federal Tax Lien Under Internal Revenue Law with the Register of Deeds for Woodbury County against the Janssens in the amount of $245,725.38. The IRS renewed the notice on February 16, 1992.

In 1992, the IRS filed a complaint in the United States District Court for the Northern District of Iowa against the Janssens, their son Darloe, and REJ, in order to establish that REJ was effectively the alter ego of the Janssens, as well as to foreclose the federal tax liens on property formerly owned by the Janssens but which was subsequently titled in REJ. On October 28, 1993, the Janssens filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. At the time of their filing,

the Janssens' only non-exempt assets consisted of money and REJ stock.

On November 15, 1993, the IRS filed a Proof of Claim for Internal Revenue Taxes in the amount of $592,371.50, for the unpaid federal income tax, statutory penalties, and accrued interest owed by the Janssens as of the petition date. On April 14, 1995, the Janssens commenced this adversary proceeding against the IRS, in which they disputed both the amount and validity of the IRS' proof of claim, and additionally sought, inter alia, to determine the validity of, and to avoid, the lien claimed by the IRS on their money and REJ stock. The IRS answer to the Janssens' complaint raised an "affirmative defense," to wit, that REJ is the alter ego of the debtors, and further sought a determination that the IRS claim was both valid and wholly secured by the federal tax lien which attached to all property and rights to property held by the debtors in their own name and in the name of REJ, as their alleged alter ego. The IRS did not, however, take any steps to make REJ a party.

Both the Janssens and the IRS moved for summary judgment. The Janssens sought a judgment in their favor avoiding the IRS lien on their REJ stock and their money under both the Bankruptcy Code, 11 U.S.C. § 545(2), and the Internal Revenue Code, 26 U.S.C. § 6323(b)(1). They asserted that Section 545(2) of the Bankruptcy Code permits a trustee, and accordingly a debtor in possession, to avoid any statutory lien that is not enforceable at the commencement of a case against a bona fide purchaser. They further asserted that Internal Revenue Code Section 6323(b)(1) voids statutory tax liens asserted against purchasers of securities and that they, as debtors in possession, met the requirements of "purchaser," as defined in Internal Revenue Code Section 6323(h)(6). The IRS responded that the Janssens did not qualify as purchasers within the meaning of Section 6323(h)(6) even though

3

they may have qualified as bona fide purchasers within the meaning of Section 545(2). Alternatively, the IRS asserted that REJ was the alter ego of the Janssens and, accordingly, the assets of REJ were assets of the estate, not of the Janssens.

On August 21, 1996, the bankruptcy court issued its Partial Summary Adjudication, in which it made two rulings which are now before us on this appeal. First, as to the matter of the alter ego status of REJ, the court, relying in part on Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110-11, 89 S. Ct. 1562, 1569-70 (1969), held that "[a]s a matter of law, the alter ego claim is not a defense to the claims raised by the Janssens. It is a direct claim against the corporation. Moreover, the IRS cannot obtain an enforceable judgment against REJ in this adversary proceeding because REJ is not a party." On this basis, and as to this matter, the court granted the Janssens' motion for partial summary judgment and struck as insufficient the alter ego defense of the IRS.

Second, as to the issue of lien avoidance, the court found the Janssens' money and their shares of REJ stock to be securities within the meaning of 26 U.S.C. § 6323(a), and found the purchasers of these securities to be protected from the enforcement of tax liens against them under 26 U.S.C. § 6323(b)(1)(A). The court found the Janssens, as Chapter 11 debtors in possession, to be invested with the avoidance powers of a trustee, pursuant to 11 U.S.C. § 1107(a), including the power to avoid statutory liens pursuant to 11 U.S.C. § 545(2). Relatedly, the court determined that a federal tax lien is a statutory lien which is subject to avoidance under Section 545(2).

The court then weighed the Janssens' contention that the tax lien which attached to the stock in REJ and the money is avoidable because it would not be enforceable against hypothetical bona fide purchasers, against the argument by the IRS that the lien is not

4

avoidable because the bankruptcy trustee's status as a bona fide purchaser under 11 U.S.C. § 545(2) is not equivalent to status as a "purchaser" under 26 U.S.C. § 6323.  In doing so, the court considered case law which directly addresses this issue:  Askanase v. United States (In re Guyana Dev. Corp.), 189 B.R. 393 (Bankr. S.D. Tex. 1995), which found that "the trustee as a bona fide purchaser under 11 U.S.C. § 545 meets the requirements of a purchaser under [26 U.S.C. §] 6323," id. at 397, and United States v. Hunter (In re Walter), 45 F.3d 1023 (6th Cir. 1995), which found that the status of "hypothetical bona fide purchaser" under the Bankruptcy Code did not rise to that of "purchaser" under the Internal Revenue Code, id. at 1030.

The court was persuaded by the reasoning of Guyana Development, and made the following conclusions in accordance therewith:

> The trustee acquires the highest status as a bona fide purchaser that there may be under the law.  In re Rench, slip op. at 14.  I see no reason to treat trustees as having given nominal or inadequate consideration in their capacity as bona fide purchasers solely because minimal consideration is sufficient, in some circumstances, to meet a definition of 'value.' The court is also persuaded by the Janssen's argument that the good faith element of bona fide purchaser status implies adequate consideration. . . .  I conclude that a trustee's status as a bona fide purchaser, and thereby the Janssen's status as debtors-in-possession with all powers of a trustee, is sufficient to avoid the lien on the REJ stock.

On January 16, 1997, after having resolved remaining issues, the bankruptcy court entered a final judgment overruling the Janssens' objection to the IRS' claim, and ordering that the IRS' lien on the Janssens' money and REJ stock be avoided pursuant to 11 U.S.C. § 545(2).

5

## II

Two issues have been presented for our consideration on this appeal: first, whether the bankruptcy court erred in equating the status of "bona fide purchaser" under the Bankruptcy Code, with that of a "purchaser" under the Internal Revenue Code, thereby allowing the debtors to avoid the federal tax lien of the IRS pursuant to 11 U.S.C. § 545(2) and 26 U.S.C. § 6323(b)(1)(A); and second, whether the bankruptcy court erred in holding that it could not consider the alter ego status of REJ without REJ's presence as a party in this adversary proceeding.

## III

On appeal, the bankruptcy court's findings of fact are reviewed for clear error and its legal determinations are reviewed de novo. <u>O'Neal v. Southwest Missouri Bank of Carthage (In re Broadview Lumber Co.)</u>, 118 F.3d 1246, 1250 (8th Cir. 1997); <u>Natkin & Co. v. Myers (In re Rine & Rine Auctioneers, Inc.)</u>, 74 F.3d 848, 851 (8th Cir. 1996); see also FED. R. BANKR. P. 8013.[1]

The facts as determined by the bankruptcy court in this matter are not in dispute. We turn to the legal issues which have been presented to us.

---

[1]     Rule 8013 of the Federal Rules of Bankruptcy Procedure reads as follows:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

FED. R. BANKR. P. 8013.

Bankruptcy Code Section 545(2) grants the bankruptcy trustee the power to "avoid the fixing of a statutory lien on property of the debtor to the extent that such lien . . . is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists . . . ." 11 U.S.C. § 545(2). Bankruptcy Code Section 1107 delineates the "rights, powers, and duties" of a debtor in possession, and provides in relevant part that "a debtor in possession shall have all of the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee . . . ." 11 U.S.C. § 1107(a). These sections, in tandem, allocate the bankruptcy trustee's avoidance powers as a hypothetical bona fide purchaser, to a debtor in possession.

Internal Revenue Code Section 6323(b)(1)(A) provides that, "[e]ven though notice of a lien imposed by section 6321 has been filed, such lien shall not be valid . . . with respect to a security . . . as against a purchaser of such security who at the time of purchase did not have actual notice or knowledge of the existence of such lien . . . ." 26 U.S.C. § 6323(b)(1)(A). Thus, a "purchaser" is empowered under Internal Revenue Code Section 6323(b)(1)(A) to avoid the fixing of a Section 6321 lien on securities.[2]

---

[2] The term "security" is defined under Internal Revenue Code Section 6323(h)(4) as meaning,

> any bond, debenture, note, or certificate or other evidence of indebtedness, issued by a corporation or a government or political subdivision thereof, with interest coupons or in registered form, share of stock, voting trust certificate, or any certificate of interest or participation in, certificate of deposit or receipt for, temporary or interim certificate for, or warrant or right to subscribe to

The IRS possesses a statutory tax lien on money and REJ stock which the Janssens owned at the time of the filing of their bankruptcy petition, pursuant to Internal Revenue Code Section 6321.[3] The money and stock, which are the subjects of the Section 6321 lien, constitute securities within the definition of Internal Revenue Code Section 6323(h)(4).

The Section 6321 lien arose on February 10, 1986, pursuant to Internal Revenue Code Section 6322,[4] upon the IRS's assessment of the Janssens' tax liability for their deficient 1980 and 1981 tax returns. Pursuant to Internal Revenue Code Section 6323, subsections (a) and (f)(1)(A)(i),[5] the lien became valid as against

---

or purchase, any of the foregoing; negotiable instrument; or money.

26 U.S.C. § 6323(h)(4).

[3] Section 6321 provides:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321.

[4] Section 6322 provides:

Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time.

26 U.S.C. § 6322.

[5] Section 6323(a) provides that, "The lien imposed by section 6321 shall not be valid as against any purchaser, holder of security interests, mechanic's lienor, or judgment lien

8

purchasers, holders of security interests, mechanic's lienors and judgment lien creditors upon the IRS' filing of its Notice of Federal Tax Lien Under Internal Revenue Law with the Register of Deeds for Woodbury County, Iowa, on February 9, 1987.

The Janssens, as debtors in possession, possess the status of "hypothetical bona fide purchasers" under Bankruptcy Code Section 545(2). They contend that this status is sufficiently equivalent to that of a "purchaser" under Internal Revenue Code Section 6323(h)(6), so as to enable them to avoid the IRS' Section 6321 lien under 26 U.S.C. § 6323(b)(1) and 11 U.S.C. § 545(2). The nature of their avoidance power in this respect, if indeed any exists, turns entirely upon the scope and meaning of these two terms.

"Bankruptcy is a creature of statute [and] [a]pplications to the bankruptcy code must, therefore, be consistent with long established canons of statutory construction." <u>Windsor on the River Assocs., Ltd. v. Balcor Real Estate Fin., Inc. (In re Windsor on the River Assocs., Ltd.)</u>, 7 F.3d 127, 130 (8th Cir. 1993). The Bankruptcy Code is silent as to the meaning of bona fide purchaser. "Unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." <u>Perrin v. United States</u>, 444 U.S. 37, 42, S. Ct. 311, 314, 62 L.Ed.2d 199 (1979); <u>accord</u> <u>United States v. Brummels</u>, 15 F.3d 769, 773 (8th Cir. 1994); <u>Groseclose v. Bowen</u>, 809 F.2d 502, 505 (8th Cir. 1987). The

---

creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary." 26 U.S.C. § 6323(a). Subsection (f)(1)(A)(i), in turn, provides as to real property that, "The notice referred to in subsection (a) shall be filed [i]n the case of real property, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated. . . ." 26 U.S.C. § 6323(f)(1)(A)(i).

ordinary meaning of bona fide purchaser is generally understood to be "'[o]ne who has purchased property for value without notice of any defects in the title of the seller.'" United States v. Hunter (In re Walter), 45 F.3d 1023, 1030 (6th Cir. 1995) (quoting BLACK'S LAW DICTIONARY 177 (6th ed. 1990)); accord Internal Revenue Service v. Diperna, 195 B.R. 358, 361 (E.D.N.C.1996); United States v. Battley (In re Berg), 188 B.R. 615, 619 (B.A.P. 9th Cir. 1995); cf. Carrens v. Carrens (In re Carrens), 198 B.R. 999, 1006 (Bankr. M.D.Fla. 1996) ("It is generally established that a bona fide purchaser for purposes of 11 U.S.C. § 545(2) is a purchaser who takes for value without notice or knowledge of any adverse claim to the property.").

The Internal Revenue Code defines the term "purchaser" for purposes of Section 6323(b)(1)(A), under Internal Revenue Code Section 6323(h)(6), as "a person who, for adequate and full consideration in money or money's worth, acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice." 26 U.S.C. § 6323(h)(6).

A survey of recent case law addressing the interplay between the bona fide purchaser status contemplated under the Bankruptcy Code and the purchaser status defined under the Internal Revenue Code, for purposes of lien avoidance under Internal Revenue Code Section 6323 and Bankruptcy Code Section 545(2), reveals a variance of opinion. Two courts, including the bankruptcy court in this matter, equate the two terms so as to provide for lien avoidance.[6]

---

[6] See Askanase v. United States (In re Guyana Dev. Corp.), 189 B.R. 393, 397 (Bankr. S.D. Tex. 1995) ("This court . . . finds that the trustee as a bona fide purchaser under 11 U.S.C. § 545 meets the requirements of a purchaser under section 6323."); In re Janssen, Bankr. No. 93-51776XS, 1996 WL 604226, at *8 (Bankr. N.D. Iowa Aug. 21, 1996) ("I conclude that a trustee's status as a bona fide purchaser, and thereby the Janssens' status as debtors-in-possession with all the powers of

10

The vast majority of courts, however, including the only two circuit courts to have ruled on this issue, do not equate the meaning of the terms, but rather, differentiate strongly between them.[7]  Our own

---

a trustee, is sufficient to avoid the lien on the REJ stock.").

[7]      See Battley v. United States (In re Berg), No. 95-36205, 1997 WL 461564, at *2 (9th Cir. Aug. 14, 1997) ("The Trustee [as bona fide purchaser] does not qualify for the exception provided by § 6323(b)(1)."), aff'g 188 B.R. 615 (B.A.P. 9th Cir. 1995);  United States v. Hunter (In re Walter), 45 F.3d 1023, 1030 (6th Cir. 1995) ("Because a bona fide purchaser is not necessarily a purchaser for purposes of Internal Revenue Code § 6323(b)(2), it follows that a trustee standing in the shoes of a hypothetical bona fide purchaser does not fall within the protection of this statute.");  Internal Revenue Service v. Diperna, 195 B.R. 358 (E.D.N.C. 1996) ( "Although the trustee steps into the shoes of a bona fide purchaser, this is all he or she does; the court will not assume that the trustee has characteristics beyond that which a hypothetical bona fide purchaser would have.");  United States v. Weissing, No. 93-1507-CIV-T-17A, 1995 WL 579928, at *5 (M.D. Fla. July 20, 1995) ("This Court . . . distinguishes between a purchaser . . . and a trustee standing in the shoes of a bona fide purchaser. . . . trustees may not use the exceptions created under 26 U.S.C. § 6323 to escape federal tax liens.");  Straight v. First Interstate Bank of Commerce (In re Straight), 200 B.R. 923, 929-30 (Bankr. D. Wyo. 1996) ( "A trustee standing in the shoes of a bona fide purchaser is not the purchaser without knowledge that § 6323 is intended to protect.") aff'd,, 207 B.R. 217 (B.A.P. 10th Cir. 1997);  Cleary v. United States (In re Cleary), 210 B.R. 741, 744-45 (Bankr. N.D. Ill. 1997) ("[A] trustee standing in the shoes of a hypothetical bona fide purchaser who has been deemed to have 'purchased' the debtor's estate for 'value' will not find protection under § 6323 where a purchaser must have paid 'adequate and full consideration.'");  Mitchell v. United States (In re Mitchell), No. 95-31553-B-11, 1997 WL 265716, at *3 (Bankr. E.D. Cal. Jan.17, 1997) ("[T]he status of a trustee as a 'bona fide purchaser' for purposes of 11 U.S.C. § 545(2) may not be used in connection with 26 U.S.C. § 6323(b) lien voidance rights.");  In re Linn, No. 96-34634-BKC-SHF, 1997 WL 547844, at *2 (Bankr. S.D. Fla. Aug. 26, 1997) ("This Court . . . interprets Congress' definition of 'purchaser' in Section 6323 as a different entity than a bona fide purchaser as contemplated in Section 545 of the Bankruptcy Code.  Because the Trustee does not have the characteristics of a 'purchaser', she cannot avoid the IRS lien on the Debtor's property.");  Carrens v. United States

11

analysis of this issue leads us to conclude that the reasoning of these latter courts is correct.

Specifically, on a purely definitional basis, we find it untenable to equate the meaning of the term "bona fide purchaser" under the Bankruptcy Code with that of "purchaser" under the Internal Revenue Code, for the two are not one and the same. As the Court of Appeals for the Sixth Circuit noted in United States v. Hunter (In re Walter), 45 F.3d 1023 (6th Cir. 1995):

> '[V]alue' is a much lower standard than 'adequate and full consideration in money or money's worth.' Because a bona fide purchaser is not necessarily a purchaser for purposes of Internal Revenue Code § 6323(b)(2), it follows that a trustee standing in the shoes of a hypothetical bona fide purchaser does not fall within the protection of this statute.

Id. at 1030 (footnotes omitted).

Moreover, equating the terms becomes even less palatable when considered in light of the substantial policy implications inherent to the Internal Revenue Code, generally, and thus, to the codal provisions at issue on this appeal. As the Ninth Circuit stated in Battley v. United States (In re Berg), 121 F.3d 535 (9th Cir. 1997):

> '[T]axes are the lifeblood of government.' Bull v. United States, 295 U.S. 247, 259, 55 S. Ct. 695, 699, 79 L.Ed. 1421 (1935). A court will not lightly assume that Congress intended to subordinate the efficacy of the federal tax laws to other considerations. Here § 6321 is general and peremptory. The exceptions permitted under § 6323 are

---

(In re Carrens), 198 B.R. 999, 1006 (Bankr. M..D. Fla. 1996) ("[T]he Bankruptcy Code does not grant hypothetical possession or other hypothetical characteristics to a bona fide purchaser. Since a purchaser must have these characteristics to satisfy the specific requirements of 26 U.S.C. § 6323(b), the Trustee may not avoid the lien under 11 U.S.C. § 545(2).").

12

carefully crafted and narrowly limited. There is no reference whatsoever to a particular exception for a trustee in bankruptcy.

Giving §§ 6321 and 6323 the dominant position they deserve, we hold that the powers conferred by Bankruptcy Code § 545(2) on the Trustee as a hypothetical [bona fide purchaser] are not sufficient to satisfy the conditions of [Internal Revenue Code] § 6323. As the Sixth Circuit has held, a good faith purchaser is not necessarily a purchaser 'for adequate and full consideration.' In re Walter, 45 F.3d at 1030. The Trustee does not qualify for the exception provided by §6323(b)(1)."

Id. at 537. Each of these considerations, in isolation, leads us to conclude that the debtors must not prevail upon this issue.

However, our determination is additionally supported by reasons quite apart from the definitional and policy considerations which factor into our independent analysis of this issue. The United States Bankruptcy Appellate Panel of the Ninth Circuit presaged our instant concerns in United States v. Battley (In re Berg), 188 B.R. 615 (B.A.P. 9th Cir. 1995), when it stated that,

Unlike the bankruptcy judge, we find the interpretation of Internal Revenue Code section 6323(b) by the Sixth Circuit to be both reasonable and authoritative. Consistent application of federal law is an important goal, and a lower federal court should only deviate under compelling circumstances from the interpretation placed on a federal statute by the only Circuit to have spoken [thereon]. . . .

Id. at 620.

This issue is one of first impression for us, and one upon which the Court of Appeals for the Eighth Circuit has not yet spoken.[8] Absent precedential directive from the Eighth Circuit,

---

[8] The Eighth Circuit addressed a related issue in its decision in Drewes v. Carter (In re Woods Farmers Coop. Elevator Co.), 946 F.2d 1411 (8th Cir. 1991). In Woods Farmers, the court addressed the question of whether the status of a trustee as a hypothetical bona fide purchaser under Bankruptcy Code Section

13

and very mindful of the purpose and placement of the Bankruptcy
Appellate Panels within the framework of the United States Courts,
we are not therefore indifferent to the only decisions rendered on
this issue by other Circuit Courts of Appeals.  Indeed, in light of
their unity of approach in addressing this matter, we afford them
significant precedential weight.

Therefore, after careful consideration of the claims between
the parties in the instant matter, the law upon which they rely to
support their respective arguments, and the case law concerning
this relatively novel issue, we will follow the well-reasoned
decisions of the only other circuit courts to have ruled on this
issue. We conclude, in accordance with the decisions rendered by
the Courts of Appeals for the Sixth and Ninth Circuits,
respectively, in Walter and Battley, as discussed herein, that the
Janssens' status as hypothetical bona fide purchasers under the
Bankruptcy Code does not rise to the level of that of a purchaser,
as defined under Internal Revenue Code Section 6323(h)(6), so as to

---

545(2), and as further defined under North Dakota law, was
coterminous with that of a buyer in the ordinary course of
business, as defined under North Dakota law, for the purposes of
statutory lien avoidance under N.D. CENT. CODE § 60-02-25.1
(1985), which provided that:

> The lien created under this section shall be preferred to
> any lien or security interest in favor of any creditor of
> the warehouseman regardless of the time when the
> creditor's lien or security interest attached to the
> grain. The lien created by this section is discharged as
> to grain sold by the warehouseman to a buyer in the
> ordinary course of business.

Id.  Noting that the status of a buyer in the ordinary course of
business required "something more than [that required of] a bona
fide purchaser," the court disallowed the trustee, as a
hypothetical bona fide purchaser, to avoid the statutory liens
there in question under Bankruptcy Code Section 545(2).  946 F.2d
at 1414.

14

permit them to avoid the statutory tax lien of the IRS under 11 U.S.C. § 545(2) and 26 U.S.C. § 6323(b)(1)(A).

## V

The IRS next urges us to overturn the bankruptcy court's ruling below which dismissed the "affirmative defense" of the IRS, thereby preventing the IRS lien from reaching the assets the Janssens had transferred to REJ. The bankruptcy court's reasoning was twofold. First, the court held that as a matter of law, the alter ego claim was not an affirmative defense, but rather a direct claim against the corporation. Second, the court reasoned that the IRS could not obtain a judgment against REJ in this adversary proceeding because REJ was not made a party to the adversary proceeding. On both counts, the bankruptcy court was correct.[9]

First, the claim that REJ is the alter ego of the Janssens[10]

---

[9] We note that, by reason of our prior holding concerning the validity of the IRS lien, this issue has less significance. As the IRS lien on the REJ stock cannot be superseded, the IRS will be able to recover REJ assets by enforcing its lien.

[10] The Eighth Circuit examined the alter ego doctrine in the context of bankruptcy in Constellation Dev. Corp. v. Dowden (In re B.J. McAdams, Inc.), 66 F.3d 931(8th Cir. 1995), cert. denied, --- U.S. ----, 116 S. Ct. 2546, 135 L.Ed.2d 1067 (1996). The Eighth Circuit's discussion on this matter provides background context to the claims of the parties before us:

> '[A] bankruptcy court has full power to inquire into the validity of any claim asserted against the estate and to disallow it if it is ascertained to be without lawful existence. Pepper v. Litton, 308 U.S. 295, 305, 60 S. Ct. 238, 244, 84 L.Ed. 281 (1939). . . .
>     Under the alter ego doctrine, the legal fiction of the separate corporate entity may be rejected in

15

so as to allow creditors of the Janssens to reach corporate assets to satisfy their claims was not an affirmative defense. An affirmative defense is a "matter asserted by a defendant which, assuming the complaint to be true, constitutes a defense to it." BLACK'S LAW DICTIONARY 60 (6th ed. 1990). In this case, the Janssens' complaint objected to the amount and validity of the IRS's claim and sought to avoid any tax lien the IRS might have against the Janssens' stock and the money. Regardless of whether REJ is the alter ego of the Janssens, we fail to see how such a determination would constitute a defense to either of the Janssens' claims. Accordingly, the IRS' alter ego claim was properly characterized by the bankruptcy court as being a separate claim against REJ.[11]

---

> the case of a corporation that (1) is controlled by another to the extent that it has independent existence in form only, and (2) is used as a subterfuge to defeat public convenience, to justify wrong, or to perpetrate a fraud. Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Management, Inc., 519 F.2d 634, 638 (8th Cir. 1975). 'The essence of the [alter ego] test is whether, under all the circumstances, the transaction carries the earmarks of an arm's length bargain. If it does not, equity will set it aside.' Pepper, 308 U.S. at 307, 60 S. Ct. at 245.

Id. at 936-37.

[11] The IRS cites In re Velis, 133 B.R. 497 (D.N.J. 1991) and United States v. Charnock (In re Charnock), 97 B.R. 619 (M.D. Fla. 1989) for the proposition that Section 541 renders property of a corporation wholly owned by a debtor property of the debtor and does not require a separate adjudication on an alter ego claim. Neither case stands for this proposition. Indeed, both support the notion that a separate action which includes the corporation is a necessary prerequisite to piercing the corporate veil.

16

Second, the bankruptcy court correctly held that no such separate claim could be made against, or be binding upon, REJ in its absence as a party to this action. For this, we begin with an examination of <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 89 S. Ct. 1562, 23 L.Ed.2d 129 (1969), which the bankruptcy court cited in support of its ruling that it lacked jurisdiction over REJ. In this decision, the Supreme Court addressed circumstances in which Zenith Radio Corporation ("Zenith") had won, in part, a judgment for treble damages in the amount of $35,000,000.00 against its former patent licensor Hazeltine Research, Inc., (HRI), as well as against HRI's wholly owned subsidiary Hazeltine Corporation (Hazeltine), despite the fact that "Hazeltine was not named as a party, was never served and did not formally appear at the trial." <u>Id</u>., 395 U.S. at 110, 89 S. Ct. at 1570. Addressing this failure to name Hazeltine as a party and to serve it with process, the Court made the following determinations:

> The Court of Appeals was quite right in vacating the judgments against Hazeltine. It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process. The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant.

<u>Id.</u>, 395 U.S. at 110, 89 S. Ct. at 1569; <u>cf.</u> <u>Class Plaintiffs v. City of Seattle</u>, 955 F.2d 1268, 1277 (9th Cir.) (citing <u>Insurance</u>

17

<u>Corp. of Ireland v. Campagnie des Bauxites de Guinee</u>, 456 U.S. 694, 702, 102 S. Ct. 2099, 2104, 72 L.Ed.2d 492 (1982), and <u>Hansberry v. Lee</u>, 311 U.S. 32, 41, 61 S. Ct. 115, 117, 85 L.Ed.2d 22 (1940)) ("This general rule of constitutional fair play represents a restriction on judicial power that flows from the due process guarantees of the fifth and fourteenth amendments."), <u>cert. denied sub nom.</u> <u>Hoffer v. City of Seattle</u>, 506 U.S. 953, 113 S. Ct. 408, 121 L.Ed.2d 333 (1992), <u>Id.</u> at 1277. Pertinent to this appeal, the <u>Zenith</u> Court went on to address the impact of the potential alter ego status of the unnamed and unserved party upon the jurisdictional question before it, as follows:

> Perhaps Zenith could have proved and the trial court could have found that HRI and Hazeltine were alter egos; but absent jurisdiction over Hazeltine, that determination would bind only HRI. If the alter ego issue had been litigated, and if the trial court had decided that HRI and Hazeltine were one and the same entity and that jurisdiction over HRI gave the court jurisdiction over Hazeltine, perhaps Hazeltine's appearance before judgment with full opportunity to contest jurisdiction would warrant entry of judgment against it. But that is not what occurred here.

<u>Id.</u>, 395 U.S. at 110, 89 S. Ct. at 1569-70.

Under the facts at hand, REJ has not been named a party, has not been served with process, and has not made an appearance before the bankruptcy court or this Panel. Under <u>Zenith</u> and its progeny, even had the bankruptcy court found REJ to be the Janssens alter ego, that finding alone, absent the court's jurisdiction over REJ, would be binding only upon the Janssens, and not upon REJ. <u>Id.</u>;

18

<u>Panther Pumps & Equip. Co. v. Hydrocraft, Inc.</u>, 566 F.2d 8, 23 (7th Cir. 1977), <u>cert. denied sub nom.</u> <u>Beck v. Morrison Pump Co., Inc.</u>, 435 U.S. 1013, 98 S. Ct. 1887, 56 L.Ed.2d 395 (1978). Thus, we conclude that the IRS may not, as it claims, reach the assets titled in REJ in order to satisfy the individual tax liabilities of the Janssens, for the simple reason that REJ has not been named as a party in these proceedings.

VI

ACCORDINGLY, the judgment in favor of the Janssens, permitting them to avoid the IRS lien on their money and REJ stock, is REVERSED. In all other respects the judgement is AFFIRMED.


A true copy.


Attest:


CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT

19